```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

SHANNA BRANDON,

    Plaintiff,

v.                                        CIVIL ACTION NO. 1:20-00789

WARDEN CARVER,
FPC Alderson,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Eifert submitted to the court her Findings and Recommendation on September 3, 2021, in which she recommended that the district court deny plaintiff's petition for a writ of habeas corpus and dismiss this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Moreover, this court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Brandon timely filed objections to the PF&R. See ECF No. 18. On November 5, 2021, she filed an amendment to her FSA motion and a motion to expedite. See ECF No. 19. With respect to Brandon's objections, the court has conducted a de novo review.

The First Step Act of 2018 ("FSA"), signed into law on December 21, 2018, includes a provision for evidence-based recidivism reduction program incentives and productive activities rewards. See 18 U.S.C. § 3632(d).

> Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id. § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." Kurti [v. White], 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3632(b)).

> The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. See 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation. See id. Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) days of time credit for every thirty (30) days of successful participation. See id. However, an inmate may not earn time credits for EBRR programs completed prior to the enactment of the FSA. See id. § 3632(d)(4)(B)(i). The Attorney General was allowed 210 days after the FSA was enacted to develop and publish the System, which the BOP then used as a guide to implement the EBRRs and PAs. See id. § 3632(a). The Attorney General published the System on July 19, 2019, and the BOP then had 180 days, or until January 15, 2020, to implement the System, complete assessments, and begin to assign prisoners to appropriate EBRRs. See Kurti, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3621(h)). Moreover, the FSA provides that EBRRs and PAs are to be phased in over a period of two (2) years, from January 15, 2020 to January 15, 2022. See 18 U.S.C. § 3621(h)(2).

Holmes v. Sage, CIVIL ACTION NO. 1:22-CV-923, 2022 WL 2791755, at *2 (M.D. Pa. July 15, 2022).

At the time she filed this civil action, Brandon was serving an 84-month sentence at the Federal Prison Camp in Alderson, West Virginia. Brandon is seeking earned time credits pursuant to the FSA. Magistrate Judge Eifert recommended that Brandon's petition be denied because she had not exhausted her administrative remedies. The PF&R also recommended denial of the

petition because it was filed prematurely, i.e., before the BOP's deadline of January 15, 2022.

Brandon concedes that she has not fully exhausted her administrative remedies. However, she argues that exhaustion would be futile and would result in "inadequate relief" as she believes she is entitled to release prior to January 15, 2022.

Brandon's failure to exhaust is fatal to proceeding under § 2241. See Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010) (explaining that exhaustion is required before a habeas action may be brought); see also Morales-Herrera v. Owen, Civil Action No. 6:12-825-RBH, 2002 WL 34729276, *1 (D.S.C. Oct. 26, 2002) ("It is well-settled that a federal prisoner is required to exhaust his administrative remedies within the BOP before filing an action pursuant to § 2241.").

Requiring a prisoner to exhaust administrative remedies serves an important purpose, especially in a case like this. "One important aspect of exhaustion is that it creates an administrative record for the Court to review. As the BOP is charged with computing an inmate's sentence and has 'developed detailed procedures and guidelines for determining credit available to prisoners,' United States v. Wilson, 503 U.S. 329, 334 (1992), the BOP should have the first opportunity to review its calculation in this case and determine if any errors were made." Jones v. Young, Case No. 5:21-cv-00552, 2022 WL 2446271,

4

at *5 (S.D.W. Va. May 5, 2022); see also Holmes, 2022 WL 2791755, at *2 ("Holmes's claim is the type of FSA earned-time-credit dispute that must first be presented to BOP officials.").

Brandon has not shown that her failure to exhaust should be excused. "[E]xhaustion is not waived simply because Petitioner believes that the length of the administrative process would preclude him from receiving full relief." Jones, 2022 WL 2446271, at *5 (and authorities cited therein). "Indeed, granting review of inmate release claims because of 'time-sensitivity' would encourage the filing of similar petitions before the administrative remedy process has run its course, which would 'both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims.'" Id. (quoting Garrison v. Stansberry, No. 2:08-CV-522, 2009 WL 1160115, at *3 n.2 (E.D. Va. Apr. 29, 2009)).

Nor has Brandon provided any authority that would permit this court to order the BOP to award time credits prior to January 15, 2022. "[T]he BOP is not required to provide evidence-based reduction programming and to award such time credits to all eligible prisoners until January 15, 2022. . . . Because the authority of the BOP to award such incentive-based time credits prior to January 15, 2022 is entirely discretionary, there is no basis for this court to require the BOP to award such

time credits to Petitioner and no basis for the court to grant habeas corpus relief." Stockton v. Young, Case No. 5:20-c-00870, 2021 WL 7502323, at *2 (S.D.W. Va. Dec. 2, 2021), proposed findings and recommendation adopted by 2022 WL 806872 (S.D.W. Va. Mar. 15, 2022); see also PF&R at 5-8 and authorities cited therein.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's petition for a writ of habeas corpus; **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241; and directs the Clerk to remove this case from the court's active docket. Brandon's motion to order the BOP and to expedite, see ECF No. 19, is **DENIED.**

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,

683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 27th day of September, 2022.

ENTER:

David A. Faber
Senior United States District Judge